UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>ASHKAN RAJAEE and NASSIM RAJAEE,<br>                                  Debtors.<br>_____<br><br>ASHKAN RAJAEE,<br>                                  Appellant,<br><br>v.<br><br>CHRISTOPHER R. BARCLAY, Chapter 7 Trustee, TYLER DAVIS, and TOPDEVZ, LLC,<br>                                  Appellees. | Case No.: 25-cv-667-RSH-KSC<br><br>(Appeal from S.D. Cal. Bankr. Case No. 3:24-bk-00617-CL)<br><br>**ORDER AFFIRMING RULING OF U.S. BANKRUPTCY COURT AND ADDRESSING PENDING MOTIONS**<br><br>[ECF Nos. 6, 8, 22] |

    Appellant Ashkan Rajaee ("Appellant" or "Rajaee") appeals pro se from a March 6, 2025 order (the "Reconsideration Order") of the U.S. Bankruptcy Court for the Southern District of California (the "Bankruptcy Court") denying a motion for reconsideration made by Appellant and his co-debtor spouse Nassim Rajaee. ECF No. 1. The underlying case is

1

*In re Ashkan Rajaee & Nassim Rajaee*, No. 3:24-bk-00617-CL (S.D. Cal. Bankr.) (the "Bankruptcy Case").

Also pending are Rajaee's motion to disqualify counsel for appellees Tyler Davis and TopDevz, LLC ("TopDevz") [ECF No. 6], and Davis's motion for a protective order [ECF No. 8].

As set forth below, the Court: (1) affirms the Bankruptcy Court's Reconsideration Order, (2) denies Rajaee's motion to disqualify, and (3) grants Davis's motion for a protective order.

# I. BACKGROUND

## A. The Bankruptcy Case

The Bankruptcy Case arises from a dispute between Rajaee and his former business partner, Davis, who were the owners of TopDevz. On February 23, 2021, Rajee initiated arbitration proceedings against Davis. SER 4.[1] On May 12, 2023, the arbitrator issued a 68-page ruling (the "Final Award") in favor of Davis and against Rajee. ER 147-220. On June 6, 2023, Davis filed a petition to confirm the award in San Diego Superior Court. SER 156. On July 20, 2023, the court issued a seven-page decision granting Davis's petition to confirm. SER 334-40. The Superior Court entered judgment on August 15, 2023 confirming the Final Award. SER 5.

Following the arbitration award against him, Rajaee brought several lawsuits relating to the dispute, including three in this Court. *See* SER 6-10; Case Nos. 24-cv-1, 24-cv-549, 24-cv-550.

On February 26, 2024, Rajaee and his wife ("Debtors") filed for bankruptcy under chapter 11. ER 284-90.

---

[1] "ER" refers to Excerpts of Record, at ECF No. 18-1 to 18-7. "SER" refers to Supplemental Excerpts of Record, at ECF No. 19-1.

On April 8, 2024, Davis and TopDevz filed a motion to appoint a chapter 11 trustee or to convert the Debtors' case to chapter 7. ER 555-991. Debtors opposed. ER 1027-42. On May 9, 2024, the Bankruptcy Court entered a 13-page order converting the case to chapter 7 (the "Conversion Order"), ER 1630-42, and thereafter appointed Christopher R. Barclay as trustee (the "Trustee"). The deadline to appeal the Conversion Order was May 23, 2024. *See* Fed. R. Bankr. P. 8004. Debtors did not appeal or seek to stay the order.

Thereafter, the Trustee worked to administer the chapter 7 bankruptcy estate, appearing as the real party in interest in approximately 10 litigation matters pursuant to Federal Rule of Bankruptcy Procedure 6009. ER 4430. The Trustee ultimately entered into several settlement agreements, including one with Davis and TopDevz. ER 3152-3230.

On October 23, 2024, the Trustee filed a motion to approve the settlements. *Id.* Debtors opposed. ER 3235-4330. On December 10, 2024, the Bankruptcy Court entered a nine-page order approving the settlements (the "Settlement Order"). ER 4386-95. After the settlements were approved, the Trustee received the settlement proceeds and requested dismissal of the lawsuits. ER 4430-31. This included two of the three lawsuits filed by Rajaee in this Court, which were subsequently dismissed with prejudice; the other, first-filed lawsuit had previously been dismissed by the Court under the *Rooker-Feldman* doctrine as an improper de facto appeal of his loss in Superior Court. *See* Case No. 24-cv-1-RSH-KSC, Dkt. No. 138 (order of dismissal dated Apr. 11, 2024).

On December 24, 2024, Debtors moved to reconsider the Conversion Order and the Settlement Order under Rule 60(b)(1). ER 3-276. Debtors argued that the Bankruptcy Court's decision to convert the case to chapter 7 was legally erroneous, and that the Bankruptcy Court improperly gave preclusive effect to the Final Award without giving the parties an opportunity to brief the issue. ER 7. Debtors further argued that there was insufficient evidence to support the Bankruptcy Court's conclusion in the Conversion Order that Rajaee had engaged in "bad faith litigation tactics," and that Debtors' failure to schedule certain assets was explainable. ER 28-30. Debtors argued that the Settlement

3

Order "should be set aside for the same reasons," ER 8, and that that order "compounded" the deprivation of Rajaee's rights, ER 31. The Trustee, as well as Davis and TopDevz, opposed the motion to reconsider. ER 4406-39, 4441-52.

## B. The Bankruptcy Court's Reconsideration Order

On March 6, 2025, the Bankruptcy Court entered its order denying the motion for reconsideration (the "Reconsideration Order"). ER 278-82. The Bankruptcy Court first determined that the motion to reconsider the Conversion Order was untimely:

> "Rule 60(c) imposes deadlines on Rule 60(b) motions. All must be filed 'within a reasonable time.' Rule 60(c)(1). But for some, including motions under Rule 60(b)(1), that 'reasonable time' may not exceed one year. Rule 60(c)(1)." *Kemp v. United States*, 596 U.S. 528, 533, (2022).
>
> Debtors move under Rule 60(b)(1) to reconsider the court's conversion order (ECF No. 176). Their main contentions are that there was no evidence to indicate bad faith, and that the court applied collateral estoppel to the arbitrator's findings. *Id.* They filed their motion 215 days – 7 months – after the conversion order's appeal period. *Id.* They are hard pressed to show this was done within a reasonable time.
>
> There was seven-month delay. When considering applicable factors, that is unreasonable. Courts review "the interest in finality, the reason for delay, the practical ability of the litigant to learn earlier of the grounds relied upon, and prejudice to other parties" in determining a filing's reasonableness. *Ashford v. Steuart*, 657 F.2d 1053, 1055 (9th Cir. 1981). Among other actions, the Chapter 7 Trustee administered the estate by settling at least four lawsuits, dismissing an adversary proceeding, and selling Debtors' home (ECF Nos. 136, 159 & 180). The interest in finality and the prejudice to other parties are paramount given these actions. Debtors offer no reason for their delay. And they had the practical ability to discover the grounds relied upon simply by reading Creditor Davis/TopDevzs' papers and the court's conversion order. All factors point toward unreasonableness.
>
> Moreover, courts considering a similar time delay or even shorter have found lack of reasonableness. *See Plotkin v. Pac. Tel. & Tel. Co.*, 688

>F.2d 1291, 1293 (9th Cir. 1982) (finding motion under Rule 60 not reasonable 48 days after order and 18 days after expiration of appeal from order); *Jackson v. McDowell*, No. LACV1603422VBFGJSX, 2019 WL 6354377, at *2 (C.D. Cal. Sept. 25, 2019) (finding lack of reasonable time where movant "waited over ten months after the issuance of judgment before moving under 60(b)").
>
>Their grounds to reconsider judgment could have been raised in a timely appeal. "[C]ourts may properly deny Rule 60(b)(1) motions as untimely long before Rule 60(c)(1)'s one-year deadline expires…because the grounds to reopen the judgment could 'have been raised sooner ... in a timely appeal.'" *Morton v. Twitter, Inc.*, No. 23-55732, 2024 WL 2843031, at *1 (9th Cir. June 5, 2024) (citing *Kemp*, 596 U.S. 528). Debtors ask for reconsideration on the basis that Creditor Davis/TopDevz's motion did not provide evidence to support conversion (ECF Nos. 176 & 188). Yet that issue could have been addressed in a timely appeal. Creditor's conversion motions were known of in April 2024 (ECF Nos. 19 & 28). The conversion order came about because Creditor moved to convert. This is not an instance of newly discovered evidence – its papers were necessarily accessible before the appeal period expired. Following Morton and Kemp, that is ground for denial of Rule 60(b)(1) relief. In sum, Debtors' Rule 60(b)(1) motion is untimely and should not be considered.

ER 279-80.

The Bankruptcy Court determined, as an alternative holding, that Debtors' Rule 60(b)(1) motion should be denied as to the Conversion Order on the merits:

>Even if their motion were timely, Debtors' claims of legal error ring hollow. Rule 60(b)(1), incorporated by Bankruptcy Rule 9024, permits the court to vacate orders for "mistake, inadvertence, surprise, or excusable neglect." *In re Safarian*, 210 WL 6259763, at *5 (B.A.P. 9th Cir. Apr. 13, 2010) (internal citations omitted). Mistake includes a court's legal error. *Kemp v. United States*, 596 U.S. 528, 536, (2022). They claim the court erroneously converted their case and applied collateral estoppel to the Arbitrator's findings (ECF No. 176). But collateral estoppel was never implicated. In fact, the order neither mentions collateral estoppel nor cites caselaw on that (ECF No. 37). The San Diego Superior Court confirmed the arbitration award (37-

2022-00026691-CU-PA-CTL) (ECF No. 19). This court simply considered the earlier arbitration and Debtor's related actions, which fall within the bad faith analysis. And it was allowed to do so. "All the facts and circumstances leading up to the filing of the case, and the conduct of the Debtor during the case, can properly be considered by the Court in determining whether the chapter 11 case was subject to dismissal or conversion 'for cause' for bad faith…." *In re Silberkraus*, 253 B.R. 890, 902 (Bankr. C.D. Cal. 2000), *subsequently aff'd*, 336 F.3d 864 (9th Cir. 2003) (emphasis supplied).

The arbitration was one of many factors that was examined when finding cause to convert. So even if it should not have been considered, there were independent bad faith grounds, including Debtor's litigation history. § 1112(b); *See In re Silberkraus*, 253 B.R. at 903 ("A finding of a lack of good faith in bankruptcy proceedings depends on the totality of the facts and circumstances surrounding the particular case.") (internal quotations omitted). Debtor twice sought to prevent the arbitration award from becoming final (ECF No. 19). The San Diego Superior Court denied his injunction, and the Sacramento Superior Court rejected his stay proceeding. *Id.* His decision to again bring the same action in a different court after once being denied strongly implies forum shopping. And Debtors filed for Chapter 11 relief despite their schedules reflecting solvency – suggesting this bankruptcy was conceived to delay creditors or circumvent the arbitration award's finality (ECF Nos. 1 & 37). Forum shopping and delay tactics are both valid bad faith considerations. *In re Silberkraus*, 253 B.R. at 903 (holding Debtor's forum shopping and filing of bankruptcy to delay state court litigation were grounds for bad faith finding). Additionally, when Debtor appealed the San Diego Court's judgment affirming the arbitration award, he did not post a bond. The Ninth Circuit affirmed a bad faith conversion where Debtor's bankruptcy was filed to evade such a bond. *See In re Marsch*, 36 F.3d 825, 829 (9th Cir. 1994).

The court is not convinced by Debtors' arguments that their bad faith motivations cannot be detected (ECF No. 176). They contend the court could not have gleaned their motivations from reviewing Creditor Davis/TopDevz's exhibits: the dockets from San Diego and Sacramento cases (ECF No. 176). However, "courts may infer the purpose of a filing from the consequences of a pleading or motion." *In re Silberkraus*, 336 F.3d 864, 868 (9th Cir. 2003) (citing *In re Start the*

> *Engines, Inc.*, 219 B.R. 264, 270 (Bankr.C.D.Cal.1998)). Their second argument is likewise unpersuasive. They contend their bankruptcy was not filed to avoid collection on the arbitration award, but rather because "Debtors' real properties, with millions of dollars of equity, were also at risk of foreclosure" (ECF No. 176). Using the Code to stop foreclosure suggests bad faith. *In re Outta Control Sportfishing, Inc.*, 642 B.R. 180, 183 (Bankr. S.D. Fla. 2022) (bad faith factors include whether "the property is the subject of a foreclosure action as a result of arrearages on the debt"). "The bankruptcy court has broad discretion in determining what constitutes 'cause' under section 1112(b)." *In re Sullivan*, 522 B.R. 604, 614 (9th Cir. BAP 2014). Debtor's litigation history alone is enough to show cause. And once "cause is established, the decision whether to convert or dismiss the case falls within the sound discretion of the court." *In re Sullivan*, 522 B.R. at 12.

ER 280-81.

Finally, the Bankruptcy Court determined that Rajaee's motion to reconsider the Settlement Order was timely, but denied relief on the merits:

> The reconsideration motion was filed 14 days after the order approving the Trustee's settlement motion (ECF Nos. 159 & 176). Rule 59(e), incorporated through the Federal Rule of Bankruptcy Procedure ("Bankruptcy Rule") 9023, applies when a party moves to amend an order within 14 days of entry of judgment. *See* Fed. R. Bankr. P. 9023.
>
> "A Rule 59(e) motion may be granted if '(1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law." *Ybarra v. McDaniel*, 656 F.3d 984, 998 (9th Cir. 2011) (quoting *Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001)).
>
> None of the reasons for Rule 59(e) relief are asserted. Indeed, Debtors argue "[b]ecause the Court should grant Debtors relief from the Conversion Order, the Court should separately grant Debtors relief from the Compromise Order" (ECF No. 176). Granting relief from one order does not automatically mean reprieve from another. Further, they reiterate arguments from their settlement opposition: Debtors are being deprived of due process and a meaningful remedy (ECF Nos. 141 &

176). But a reconsideration request "may not be used to rehash the same arguments presented the first time or simply to express the opinion that the court was wrong." *Wall St. Plaza, LLC v. JSJF Corp. (In re JSJF Corp.)*, 344 B.R. 94, 103 (B.A.P. 9th Cir. 2006), *aff'd*, 277 F. App'x 718 (9th Cir. 2008) (emphasis in original). In sum, Rule 59(e) is not satisfied.

ER 280-82.

### C. This Appeal

On March 21, 2025, Rajaee filed his notice of appeal in this case.[2] ECF No. 1. The notice states that the appeal is taken from the Bankruptcy Court's March 6, 2025 order denying Debtors' reconsideration motion. *Id.* at 1.

On April 3, 2025, Rajaee designated certain filings in the Bankruptcy Court for inclusion in the record on appeal, and identified the following as the issues on appeal:

> 1. Whether the Court abused its discretion in Denying Appellant[']s Rule 60(b)(1) relief from a Chapter 11 to Chapter 7 conversion judgment. *United States v. Hinkson*, 585 F.3d 1247, 1261-62 (9th Cir. 2009) (en banc).
>
> 2. Whether the Court erred in denying relief to amend its order concerning the settlement agreements to compromise with Tyler Davis, TopDevz, LLC and Talentcrowd, LLC.

ECF No. 2 at 4-5. The appeal is fully briefed. ECF Nos. 18-22.[3]

---

[2]   Although Rajaee and his wife were jointly represented by counsel at the time of their motion to reconsider, Rajaee is pursuing his own appeal pro se.

[3]   Together with Rajaee's reply brief, Rajaee filed a motion to strike portions of the appellate brief and supplemental excerpts of record for Davis and TopDevz. ECF No. 22. To the extent that Rajee takes issue with arguments, statements, or citations in that opposition brief, it falls to Rajaee to respond in his reply brief within the page and word limits allotted. Rajaee's reply is already near the word limit of 6,500 words, *see* Fed. R. Bankr. P. 8015(a)(7)(B)(ii), and his separate motion to strike contains an additional 20 pages of objections and argument. The Court denies the motion to strike as the oversized portion of a reply brief, as well as on the merits. The decisions of the arbitrator are part of

On April 22, 2025, Rajaee filed a motion to disqualify the attorneys representing Davis and TopDevz. ECF No. 6. Davis and TopDevz oppose, and the motion is fully briefed. ECF Nos. 9, 10, 13.

On May 16, 2025, Davis filed a motion for a protective order, requesting that Rajaee be ordered to file a new version of Rajaee's exhibits that redacts Davis's personal data as required by Federal Rule of Civil Procedure 5.2(a)(1). ECF No. 8. Rajaee has not responded to this motion.

On June 9, 2025, the action was reassigned to the undersigned. ECF No. 12.

## II.  LEGAL STANDARD

A bankruptcy court's denial of a motion for reconsideration is reviewed for abuse of discretion. *Hansen v. Moore (In re Hansen)*, 368 B.R. 868, 875 (B.A.P. 9th Cir. 2007). To reverse under this standard, the review court "must have a definite and firm conviction that the bankruptcy court committed a clear error of judgment in the conclusion it reached." *Id.* A bankruptcy court necessarily abuses its discretion if it bases its decision on an erroneous view of the law or clearly erroneous factual findings. *Id.* "An appeal from a denial of a Rule 60(b) motion brings up only the denial of the motion for review, not the merits of the underlying judgment." *Molloy v. Wilson*, 878 F.2d 313, 315 (9th Cir. 1989).

Similarly, "[a] denial of a motion for reconsideration under Rule 59(e) is construed as one denying relief under Rule 60(b) and will not be reversed absent an abuse of discretion." *Pasatiempo v. Aizawa*, 103 F.3d 796, 801 (9th Cir. 1996) (citing *Barber v. Hawaii*, 42 F.3d 1185, 1198 (9th Cir. 1994)).

//
//

---

the record on appeal—indeed, Rajaee submitted the Final Award within his excerpts of record—and the Court is entitled to consider them as well as to consider the other material in the record and the arguments of Davis and TopDevz.

## III. ANALYSIS

Rajaee's appeal is taken from the Bankruptcy Court's Reconsideration Order of March 6, 2025. ECF No. 1. Shortly after filing his notice of appeal, Rajaee identified two issues for appeal, each of them relating to the Reconsideration Order: (1) whether the Bankruptcy Court abused its discretion in declining to reconsider the Conversion Order, and (2) whether the Bankruptcy Court erred in declining to amend the Settlement Order. ECF No. 2. Rajaee's appellate brief duly recites these same two issues. ECF No. 18 at 7. However, after raising these issues, Rajaee's lengthy brief—over 35 pages in substance—largely declines to address them. Indeed, the argument portion of Rajaee's brief does not *mention* the Reconsideration Order, let alone undertake to discuss the reasoning in that order.[4] This alone warrants affirmance of the order and denial of the appeal.

The Bankruptcy Court denied reconsideration of the Conversion Order on the grounds that Rajee's motion to reconsider was untimely. Rajaee's appellate brief appears to ignore both the Bankruptcy Court's conclusion and its analysis. Rajaee's brief similarly makes no effort to engage the Bankruptcy Court's analysis of the merits of Rajaee's arguments for reconsidering either the Conversion Order or the Settlement Order.

The thrust of Rajaee's brief is that both the Conversion Order and the Settlement Order are "void." *See* ECF No. 18 at 29 ("Bankruptcy Conversion Order is void"); *id.* at 30 ("Settlement Order Procured by Forged Authority & Is Independently Void For Lack of Jurisdictional Authority"). But Rajaee did *not* argue in his motion for reconsideration that either order was void. *See* ER 3-32. Nor did he argue that the Bankruptcy Court lacked jurisdiction to enter the Settlement Order, or that that order was procured by fraud.[5] *See id.*

---

[4] Rajaee's reply brief on appeal likewise fails to discuss or mention the Reconsideration Order that is the subject of the appeal. *See* ECF No. 21.

[5] Rajaee's appellate brief concedes that the Bankruptcy Court did indeed have subject matter jurisdiction over the bankruptcy case he filed. ECF No. 18 at 6.

The Bankruptcy Court cannot be said to have abused its discretion in declining to address arguments that Rajaee did not raise in his motion.

Rajaee's arguments on appeal as to why the Conversion Order and the Settlement Order are "void" are difficult to follow, but they appear to be based on the contention that both orders somehow rest on the August 15, 2023 Superior Court judgment, which is also "void." *See* ECF No. 18 at 29-30; ECF No. 21 at 18 ("The Conversion Order … relies on the VSDJ … and is therefore itself void."). Rajaee refers to this judgment as the "Void San Diego Judgment" or the "VJSD" for short. ECF No. 18 at 19. It is unclear, however, how the "Void San Diego Judgment"—even if somehow erroneous—would result in the Conversion Order or the Settlement Order also being void. Although Rajaee appears to view all of the judicial decisions adverse to him as part of a single, interconnected falsehood, neither the Conversion Order nor the Settlement Order purports to give preclusive effect to the San Diego judgment.

The bulk of Rajaee's appellate brief has little to do with his bankruptcy proceedings, but instead is a recitation of his grievances against Davis and others in connection with the arbitration proceedings that Rajaee brought and lost, and their aftermath. He attributes his loss to a "white-collar crime ring" and to an elaborate conspiracy against him. *Id.* at 9, 17. It is plain that his appeal is simply another effort on his part to relitigate his dispute with Davis—like Rajaee's federal lawsuit in Case No. 24-cv-1 that was dismissed by this Court over a year ago as an improper de facto appeal of a state court judgment. *See* Case No. 24-cv-1-RSH-KSC, Dkt. No. 138 (order of dismissal dated Apr. 11, 2024). Indeed, the substance of Rajaee's appeal is similar to post-judgment motions he has now filed in each of his three closed federal cases before this Court. In each of those motions, often using identical text, he complains of the "Void San Diego Judgment." *See* Case No. 24-cv-1, Dkt. No. 164 at 7; Case No. 24-cv-549, Dkt. No. 30 at 7; Case No. 24-cv-550, Dkt. No. 48 at 7. But this case is not an appeal from the Final Award or from the Superior Court judgment; it is an appeal of the Bankruptcy Court's Reconsideration Order. Rajaee has not established

that the Bankruptcy Court abused its discretion in denying reconsideration of the Conversion Order or the Settlement Order. The Reconsideration Order is affirmed.

## IV.   APPELLANT'S MOTION TO DISQUALIFY

Rajaee also brings a motion to disqualify the attorneys for Davis and TopDevz, accusing them of a "multi-yearlong conspiracy" to defraud the courts. ECF No. 6 at 6. The motion is more of the same, and appears to be based on his contention that the Final Award and the San Diego judgment were entered without jurisdiction—a contention with which no court has ever agreed. *Id.* at 7. Rajaee liberally accuses the attorneys of fraud and dishonesty without any discernibly cogent basis in fact. He also alleges that the attorneys have a conflict of interest in representing both Davis and TopDevz, although he does not identify any actual conflict. *Id.* at 13. The Court does not see any basis here for concluding that Rajaee is entitled to disqualify his opponents' counsel. The motion is denied.

## V.   DAVIS'S MOTION FOR A PROTECTIVE ORDER

Finally, Davis has filed a motion alleging that Rajaee filed exhibits containing Davis's personal data in violation of Federal Rule of Civil Procedure 5.2(a)(1). ECF No. 8. The rule at issue provides:

> (a) REDACTED FILINGS. Unless the court orders otherwise, in an electronic or paper filing with the court that contains an individual's social-security number, taxpayer-identification number, or birth date, the name of an individual known to be a minor, or a financial-account number, a party or nonparty making the filing may include only:
>
> (1) the last four digits of the social-security number and taxpayer-identification number ….

Fed. R. Civ. P. 5.2(a). Davis asserts that Rajaee's filing at ECF No. 6-1, a set of exhibits exceeding 1300 pages, contains Davis's social security number in unredacted form. Rajaee has not opposed or responded to the motion. The Court has reviewed the filing and it appears to contain tax returns bearing social security numbers.

The Court directs Rajaee to refile a version of ECF No. 6-1 in a manner that contains the redactions required by Rule 5.2 but is in all other respects identical to the previously filed document. In the interim, access to the document will be restricted to the Court and the Parties. If Rajaee fails to file such a document within thirty (30) days of the date of this order, the filing will be stricken from the record.

## VI. CONCLUSION

For the foregoing reasons:

1. The Bankruptcy Court's Reconsideration Order of March 6, 2025 is **AFFIRMED**, and Rajaee's motion to strike [ECF No. 22] is **DENIED**.

2. Rajaee's motion to disqualify [ECF No. 6] is **DENIED**.

3. Davis's motion for a protective order [ECF No. 8] is **GRANTED**. The Clerk of Court is directed to place ECF No. 6-1 on a status restricted to the Court and Parties only, pending Rajaee's refiling of an appropriately redacted document. If Rajaee fails to file such a document within ***thirty (30) days*** of the date of this order, the filing will be stricken from the record.

**IT IS SO ORDERED.**

Dated: October 31, 2025

_____
Hon. Robert S. Huie
United States District Judge